J. Paul Gignac, CSB No. 125676
Claire K. Mitchell, CSB No. 318857
**EXCELLO LAW U.S. LLP**
17 El Paseo
Santa Barbara, California 93101
Telephone: 805.317.6402
jpgignac@excellolaw.com
cmitchell@excellolaw.com

Steven H. Haney, CSB No. 121980
Michael Sobel, CSB No. 203843
**HANEY & SHAH LLP**
915 Wilshire Boulevard, Suite 2125
Los Angeles, California 90017
Telephone: 213.228.6500
shaney@haneyshah.com
msobel@haneyshah.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

JASON ROELLING, a California resident, on behalf of himself and others similarly situated,

Plaintiff,

vs.

COUNTY OF LOS ANGELES, a California public entity,

Defendant.

Case No.: 2:25-cv-06832

**COLLECTIVE ACTION COMPLAINT FOR:**

**(1) VIOLATION OF THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 201, *et. seq.*); AND**
**(2) DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

Plaintiff Jason Roelling ("Plaintiff") brings this action as a collective action against the County of Los Angeles ("County" or "Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, and alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, a Fire Captain for the Los Angeles County Fire Department ("LACOFD") brings this collective action on behalf of himself and other similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period (as defined herein) to recover back pay and overtime compensation, liquidated damages, and attorneys' fees and costs from Defendant, pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

2. Defendant has a policy and practice of requiring Plaintiff and other similarly situated employees of Defendant who work or worked for LACOFD to work for an hour, and sometimes more, past the end of their shifts, without paying them any wages for that work time.

3. Defendant's failure to pay proper wages and overtime is deliberately engrained in the LACOFD culture, and it is done in willful and/or reckless disregard for the protections provided for by the FLSA.

4. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on behalf of himself and other similarly situated persons who are or were employed by Defendant and work or worked for LACOFD at any time within three years prior to this action's filing date through the date of trial of this action (the "Collective Period") in one or more of at least the following job positions: Fire Fighter; Fire Fighter Specialist; Fire Fighter Trainee; Fire Fighting Construction Equipment Operator; Fire Suppression Aid; Forestry Assistant; Pilot, Fire Services; Senior Fire Fighting Construction Equipment Operator; and Senior Fire Suppression Aid (the "FLSA Collective").

## PARTIES

5. Plaintiff is an individual who is a resident of the State of California. Plaintiff has been employed by Defendant as a LACOFD Firefighter since March of 2008. In 2009, he also became a Paramedic, and, in 2022, he was promoted to his current role as Fire Captain.

6. Plaintiff is informed and believes, and based thereon alleges, that Defendant is, and at all relevant times was, a government entity organized under the laws of the State of California.

7. Plaintiff is informed and believes, and based thereon alleges, that Defendant is, and at all times was, a public agency within the meaning of 29 U.S.C. § 203(x) and an employer as defined by 29 U.S.C. § 203(d) which, at the times relevant hereto, employed Plaintiff and others similarly situated.

8. Plaintiff is informed and believes, and based thereon alleges, that Defendant is, and at all times was, an “enterprise” as defined by 29 U.S.C. § 203(r), including as defined by 29 U.S.C. § 203(r)(2)(C).

9. Plaintiff is informed and believes, and based thereon alleges, that Defendant is an “enterprise engaged in commerce or in the production of goods for commerce” as defined by 29 U.S.C. § 203(s), including in 29 U.S.C. § 203(s)(1)(C).

## JURISDICTION AND VENUE

10. This Court has original and subject matter jurisdiction over this action and the claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1337, as this action is brought pursuant to federal law, specifically the FLSA, 29 U.S.C. §§ 201 *et seq.*

11. Defendant is subject to the personal jurisdiction of this Court because it has agents, does or transacts business, or is otherwise found, and has purposefully availed itself of the privilege of doing business, in California and

in this judicial District.

12. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District and/or a substantial part of the property that is the subject of this action is situated in this District. Alternatively, venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because Defendant has a regular and established place of business in this District and may be found in this District.

13. Pursuant to FLSA, 29 U.S.C. § 216(b), Plaintiff has given his consent in writing to become a party plaintiff in this action, and such consent is being concurrently filed as **Exhibit A** to this Complaint.

14. As this case proceeds, it is likely that other similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period will file consent forms and join this collective action as opt-in plaintiffs.

## FACTUAL ALLEGATIONS

15. Plaintiff first became employed by Defendant in 2008, when he was hired by Defendant as a Firefighter for the LACOFD.

16. In 2009, Plaintiff also became employed by Defendant as a Paramedic with the LACOFD.

17. Since 2022, Plaintiff has been employed by Defendant as a LACOFD Fire Captain.

18. During the Collective Period, Plaintiff and other similarly situated individuals were employed by Defendant and worked for LACOFD in one or more of at least the following job positions: Fire Fighter; Fire Fighter Specialist; Fire Fighter Trainee; Fire Fighting Construction Equipment Operator; Fire Suppression Aid; Forestry Assistant; Pilot, Fire Services; Senior Fire Fighting Construction Equipment Operator; and Senior Fire Suppression Aid.

19. Plaintiff and other similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period are covered by the FLSA, including 29 U.SC. §§ 206 and 207, and are therefore entitled to their regular rate of pay for all hours worked, plus overtime compensation at the rate of one-and one-half times their regular rates of pay for all hours worked in excess of the maximum hours provided for in 29 U.SC. § 207.

20. Defendant has declared a Section 7(k) partial overtime exemption for Firefighters engaged in fire protection activities pursuant to 29 U.SC. § 207(7).

21. Plaintiff and other similarly situated employees of Defendant who work or worked for LACOFD work 24-hour shifts known as "platoon shifts."

22. Plaintiff and other similarly situated employees of Defendant who work or worked for LACOFD are typically scheduled for eight (8) platoon shifts (i.e., 24-hour shifts) in each twenty-four (24) day work period. For these employees, pursuant to the Section 7(k) exemption, hours worked in excess of 182 hours, whether or not included in the regular schedule, are to be compensated as overtime, that is, at one-and-one-half (1.5) times the "regular rate," with "regular rate" defined by 29 U.SC. § 207(e).

23. The stated start time for platoon shifts is 8:00 a.m., meaning that a twenty-four-hour shift would start and end at 8:00 a.m.

24. LACOFD, however, has an "early relief" policy and practice under which employees are expected to arrive at or before 7:00 a.m. (despite the 8:00 a.m. stated start time) to relieve their counterparts from the previous shift. The process of relieving a counterpart employee is called "making relief."

25. Although Plaintiff and other employees of Defendant who work or worked for LACOFD are required to arrive at 7:00 a.m. for their 24-hour shift, they are often not clocked in until 8:00 a.m., nor relieved until 8:00 a.m. the following day. This happens regularly, and it has been the LACOFD's policy

and practice to have employees of Defendant who work or worked for LACOFD not clock in until 8:00 a.m. and to not include this extra hour on employees' timecards ("Clocking in Code of Conduct") going back at least three years and continuing to the present day.

26. In addition, during severe emergencies, Defendant from time to time orders a "recall," in which no employees of Defendant who work or worked for LACOFD may leave at their typical shift end. Instead, when a recall is ordered, employees of Defendant who work or worked for LACOFD must stay on until released by Defendant. This extra time is similarly not included on employees' timecards.

27. A firefighter cannot choose to bypass the Clocking in Code of Conduct without consequences. Firefighters who opt to come in at 8:00 a.m. (so as to work the number of hours reported on their timecards) instead of 7:00 a.m. are subject to harassment and disparate treatment from the other firefighters in their stations. No firefighter wants to show up an hour after his partner does.

28. As a result, for at least the past three years, Plaintiff and other similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period have not received regular pay, let alone overtime pay, for the 25th hour worked in what is recorded in time records as a 24-hour shift.

29. When Plaintiff first raised the Clocking in Code of Conduct with his superiors, including two Battalion Chiefs and one Assistant Chief, he was told that this was just the way things were done and that he should talk to his union representatives about it. When he did just that, he was told that "[t]his is a career not a job" and that showing up for an unpaid hour of work was expected in order "to build morale."

30. He was further told that the timecards can't be changed because "that would cost the county millions."

31. The LACOFD Daily Controlled Drug Logs evidence that LACOFD firefighters, paramedics, and other similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period often arrive for their shifts by 7:00 a.m. even though they do not clock in until 8:00 a.m. in order to comply with "the Clocking in Code of Conduct".

## <u>FIRST CLAIM FOR RELIEF</u>

**For Violation of the Fair Labor Standards Act**

**(29 U.S.C. § 201, *et seq.*)**

32. Plaintiff, on behalf of himself, the FLSA Collective, and other similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period, incorporates by reference paragraphs 1 through 31, inclusive, and re-alleges them here as though fully set forth herein.

33. As an employer covered by the FLSA, including 29 U.SC. §§ 206 and 207, Defendant is required to pay Plaintiff and all other similarly situated employees their regular rate of pay for all hours worked, plus overtime compensation at the rate of one-and-one-half times their regular rates of pay for all hours worked in excess of the maximum hours provided for in 29 U.SC. § 207.

34. The FLSA provides a partial exemption for employees engaged in fire protection activities. *See* 29 U.S.C. § 207(k). Pursuant to that exemption, when an employer establishes a 24-day work period, as Defendant did here, the employer must pay employees subject to the 7(k) exemption overtime after 182 hours in a 24-day work period. *See* 29 U.S.C. § 207(k)(2).

35. Defendant has a regular practice and policy (the Clocking in Code of Conduct) of requiring Plaintiff and other similarly situated employees of Defendant who work or worked for LACOFD to work an extra hour beyond their 24-hour shifts without properly logging the time or compensating the employee.

36. Defendant has repeatedly failed in violation of the FLSA to pay Plaintiff and other similarly situated employees of Defendant who work or worked for LACOFD proper regular pay for hours they worked beyond each of their 24-hour shifts.

37. Defendant has repeatedly failed in violation of the FLSA to pay Plaintiff and other similarly situated employees of Defendant who work or worked for LACOFD proper overtime pay for hours they worked beyond 182 hours during their 24-day work periods.

38. These failures constitute violations of the FLSA, 29 U.S. § 201, *et seq*.

39. Plaintiff is informed and believes, and based thereon alleges, that Defendant and the LACOFD, at all relevant times, have been aware of the provisions of the FLSA. Indeed, at least one of the MOUs between Local 1014 of the International Association of Fire Fighters Union and LACOFD management states that "the County remains responsible for complying with all provisions of the FLSA legally applicable to the County," and, in the event a court finds that LACOFD employees are entitled to additional compensation under the FLSA, "the County agrees to pay all employees entitled to such additional compensation the full amount required by law."

40. Plaintiff is informed and believes, and based thereon alleges, that Defendant knew, at all relevant times, that Plaintiff and other similarly situated employees of Defendant who work or worked for LACOFD performed work that required regular pay and/or overtime pay. Defendant operated under a scheme to deprive these employees of such compensation by constructively requiring such employees to incorrectly log their time, thereby failing to properly compensate them for all hours worked.

41. The foregoing conduct constitutes a wilful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

42. As a direct and proximate result of Defendant's conduct, as described herein, Plaintiff and other similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period have suffered monetary damages in an amount according to proof at trial but in excess of the minimum jurisdictional requirement of this Court.

43. As a direct and proximate result of Defendant's conduct, as described herein, Plaintiff has incurred attorneys' fees and costs which he is entitled to recover pursuant to 29 U.S.C. § 216(b) in an amount according to proof at trial.

44. Plaintiff and all other similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period are entitled to liquidated damages under the FLSA, as Defendant knew and showed reckless disregard for (1) its failure to adequately compensate Plaintiff and all other similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period; and (2) its failure to comply with the FLSA.

45. Defendant is liable under the FLSA for failing to properly compensate Plaintiff, members of the FLSA Collective, and all other similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period. Accordingly, notice should be sent to the FLSA Collective and any other similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period. There are numerous similarly situated current and former employees of Defendant who work or worked for LACOFD during the Collective Period, who have been denied regular and overtime pay in violation of the FLSA, and who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join in the collective action. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## SECOND CLAIM FOR RELIEF

### For A Declaratory Judgment

46. Plaintiff, on behalf of himself, the FLSA Collective, and other similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period, incorporates by reference paragraphs 1 through 31, inclusive, and re-alleges them here as though fully set forth herein.

47. An actual controversy has arisen and now exists relating to the rights and duties of Plaintiff and all other similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period, on the one hand, and Defendant, on the other hand.

48. Plaintiff contends that Defendant has violated the FLSA, 29 U.S.C. § 201, *et seq.*, by wilfully, or with reckless disregard, failing to pay Plaintiff and other similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period compensation for all hours worked, including overtime.

49. Plaintiff is informed and believes, and based thereon alleges, that Defendant contends that Plaintiff and other similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period have been compensated fully and in accordance with the law.

50. A judicial declaration is necessary and appropriate at this time, under the circumstances presented, in order that the parties may ascertain their respective duties and/or rights.

51. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the *Federal Rules of Civil Procedure*, Plaintiff and other similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period are entitled to a judicial determination of their rights, a judicial declaration that Defendant has willfully or with reckless disregard violated the FLSA, 29 U.S. § 201, *et seq.*, and a judicial declaration

that Plaintiff and other similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period are entitled to compensation for all hours worked, including overtime, in accordance with the FLSA, 29 U.S. § 201, *et seq.* and all other applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective, and other similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period, prays for judgment against Defendant as follows:

### On The First Claim For Relief

1. For an order designating this action as a collective action on behalf of Plaintiff and other similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period and authorizing prompt notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

2. For compensatory damages in an amount according to proof at trial;

3. For, pursuant to 29 U.S.C. § 216(b), liquidated damages in an amount equal to the total compensatory damages awarded; and

4. For reasonable attorneys' fees and costs incurred by Plaintiff in bringing and pursuing this action against Defendant.

### On The Second Claim For Relief

1. For a judicial declaration that Defendant has willfully or with reckless disregard violated the FLSA, 29 U.S. § 201, *et seq.*, and that Plaintiff and other similarly situated employees of Defendant who work or worked for

LACOFD during the Collective Period are entitled to compensation for all hours worked, including overtime, in accordance with the FLSA, 29 U.S. § 201, *et seq.* and all other applicable law.

**On All Claims For Relief**

1. That Plaintiff be awarded his costs of suit incurred in the prosecution of this action;

2. That Plaintiff and other similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period be awarded pre-judgment interest on all amounts found to be due and owing to them; and

3. That Plaintiff and other similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period be granted such other and further relief as the Court may determine to be just and appropriate under the circumstances.

Dated: July 25, 2025

EXCELLO LAW U.S. LLP

By: /s/ Claire K. Mitchell

J. Paul Gignac
Claire K. Mitchell
Attorneys for Plaintiff Jason Roelling

Dated: July 25, 2025

HANEY & SHAH LLP

By: /s/ Steven H. Haney

Steven H. Haney
Michael Sobel
Attorneys for Plaintiff Jason Roelling

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, the FLSA Collective, and other similarly situated employees of Defendant who work or worked for LACOFD during the Collective Period, hereby demands a trial by jury.

Dated: July 25, 2025 EXCELLO LAW U.S. LLP

By: /s/ Claire K. Mitchell
J. Paul Gignac
Claire K. Mitchell
Attorneys for Plaintiff Jason Roelling

Dated: July 25, 2025 HANEY & SHAH LLP

By: /s/ Steven H. Haney
Steven H. Haney
Michael Sobel
Attorneys for Plaintiff Jason Roelling

## SIGNATURE CERTIFICATION

In accordance with Civil Local Rule 5-4.3.4(a)(2)(i), the filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: July 25, 2025 EXCELLO LAW U.S. LLP

By: /s/ Claire K. Mitchell
J. Paul Gignac
Claire K. Mitchell
Attorneys for Plaintiff Jason Roelling